IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EARNEST SCOTT, Jr., :
       Plaintiff :
   v. : Case No. 3:21-cv-194-KAP
NURSE CONOR MYERS, *et al.*, :
       Defendants :

### Memorandum Order

Plaintiff Scott's motion for summary judgment, ECF no. 65, is denied. Plaintiff cannot make a case for summary judgment as to either liability or damages without expert testimony. Deliberate indifference requires proof that a defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). What is an excessive risk, except in the most obvious cases discussed in Estelle v. Gamble, 429 U.S. 97 (1976), requires expert testimony. In general, evaluating whether there is a serious medical need and whether medical treatment is adequate present questions beyond the competence of a non-medical professional. Pearson v. Prison Health Serv., 850 F.3d 526, 536 (3d Cir. 2017). *See* Aruanno v. Glazman, 316 Fed.Appx. 194, 195 (3d Cir.2009);  *See also* the discussion in Estate of Thomas v. Fayette County, 194 F. Supp. 3d 358, 376 (W.D. Pa. 2016).

The order requiring defendants to respond to the motion for summary judgment is vacated.

Plaintiff Scott's motion for reconsideration, ECF no. 74, is denied.

Plaintiff Scott's motion for appointment of counsel, and to appoint an expert witness, ECF no. 77, is denied.  Appointment of counsel is governed by Local Civil Rule 10. Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." The local rule reflects the experience-based judgment of the District Court that, given the few attorneys who have expressed willingness to represent inmates pro bono, counsel should be reserved for cases pending trial. This case presents no exceptional circumstances.

As for experts, Federal Rule of Evidence 706 does not give a court "the power to tilt the scales in favor of one litigant by funding its expert witnesses." Young v. Martin, 801 F.3d 172, 185 (3d Cir.2015)(*citing* Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987), *cert. denied*, 485 U.S. 991 (1988). If it did, it would violate the Rules Enabling Act and the Due Process Clause. *See* Wheeler v. Wetzel, 2018 WL 4658472, at *7–8 (W.D. Pa. Aug. 28, 2018).

      Plaintiff Scott's motion to issue subpoenas, ECF no. 78, is denied. There is no point to my reviewing the proposed video evidence, for the reason explained in the first paragraph.

DATE: January 30, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Earnest Scott, Jr. ND-3773
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698