IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EARNEST SCOTT, Jr., :
    Plaintiff :
    v. : Case No. 3:21-cv-194-KAP
NURSE CONOR MYERS, *et al.*, :
    Defendants :

<u>Memorandum Order</u>

    Plaintiff Scott's latest motion for appointment of counsel, ECF no. 84, is denied. Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." This case still presents no exceptional circumstances.

    Local Civil Rule 10 was drafted by a court well aware of the circuit's jurisprudence, the limited number of attorneys who have expressed willingness to represent inmates *pro bono*, and the due process concerns in allocating even scarcer resources to reimbursing counsel for expert witnesses. In considering appointment of counsel within the framework of Local Civil Rule 10, it should not be ignored that what Scott really wants is not counsel. He has simultaneously litigated or is litigating several cases in this court and in the Court of Appeals, he puts "Esquire" on his envelopes, he has purported to act as counsel for at least one other inmate, and when it suited his interests at an earlier stage of this litigation he stated that he did not need counsel in this case because the issues are not complex, counsel is not needed, and he enjoys "learn[ing] on his own how things work in civil law." ECF no. 58. What Scott wants, having been advised that his motion for summary judgment was inadequate for lack of expert testimony, is someone to provide him with an expert witness. *See* ECF no. 77.

    Admittedly, the need for expert testimony is listed as item number 6 in the litany given in <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498-99 (3d Cir. 2002) listing the factors to be considered in the appointment of counsel as 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. <u>Montgomery v. Pinchak</u> took item 6 from Judge Becker's opinion in <u>Tabron v. Grace</u>, 6 F.3d 147, 156 (3d Cir. 1993), which mentioned the issue in one conclusory line:

    Along the same lines, appointed counsel may be warranted where the case will require testimony from expert witnesses. *See* <u>Moore v. Mabus</u>, 976 F.2d 268,

1

272 (5th Cir. 1992) (district court erred in denying request for counsel to represent indigent civil litigant whose case required testimony from experts on HIV-AIDS management in prison environment).

However, appellate opinions in the last two decades make it clear that "precedent cannot be read as requiring the appointment of counsel in every case in which expert testimony may be warranted." Lasko v. Watts, 373 Fed.Appx. 196, 202 (3d Cir. 2010). A plaintiff must make out a meritorious claim before the appointment of counsel (and *a fortiori* before the contribution of experts that might be retained by counsel) is considered. *See e.g.* Johnson v. Stempler, 373 Fed. Appx. 151, 154 (3d Cir. 2010)("As a threshold matter, the district court must determine whether the indigent plaintiff's case has some arguable merit in fact and law."); Rhines v. Bledsoe, 388 Fed.Appx. 225, 228 (3d Cir. 2010); Lasko v. Watts, *supra*, 373 Fed. Appx. at 202; Semulka v. Moschell, 401 Fed.Appx. 628, 629 (3d Cir.2010)("Because it was unclear from the initial complaint whether Semulka's claims had arguable merit, the District Court's denial of the motions was not an abuse of discretion." my emphasis.) *And see* Gordon v. Gonzalez, 232 Fed.Appx. 153, 158 (3d Cir. 2007)("[A]ll of the evidence in the case points against any added value of expert testimony at trial.")

Federal Rule of Evidence 706 does not give a court "the power to tilt the scales in favor of one litigant by funding its expert witnesses." Young v. Martin, 801 F.3d 172, 185 (3d Cir.2015), *citing* Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987), *cert. denied*, 485 U.S. 991 (1988). The Court cannot even appoint counsel, strictly speaking, but can only request that an attorney represent a litigant. Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 301–02 (1989). Seeking counsel in order to do indirectly what the Court cannot do directly is improper.

In this matter plaintiff's case is not legally frivolous, but it is hard to say it has arguable merit, either. Plaintiff alleges that on one occasion in May 2021 and one occasion in October 2021 he was not given his regularly scheduled insulin shot. On the latter occasion, plaintiff implies, this is because he smeared feces on his cell window. He contends that defendants violated the Eighth Amendment and the Americans with Disabilities Act (which does not provide for individual damages liability) because they did not remove him, clean the cell, and give him his insulin on schedule. Defendants, at least as the grievance paperwork indicates, take the position that on each occasion plaintiff by word or deed refused his insulin shot. As for injury, plaintiff states that missing his insulin caused him pain on both occasions. Plaintiff clearly is being seen on a daily basis by medical personnel, he points to no evidence of any other injury, and he does not even allege that he sought any treatment from the medical department for the two episodes of pain he allegedly suffered in May and October 2021. Diabetes presents serious medical issues, but that does not make every aspect of a diabetic's life a serious medical need. For a diabetic to miss insulin can result in serious injury, but a single missed dose is not always

a cause of injury. Plaintiff's implication that any irregularity in the schedule is a *per se* violation regardless of injury is incorrect.

Plaintiff's motion for sanctions, ECF no. 85, is denied without prejudice to resubmitting it if it is not moot or cannot be resolved by correspondence with counsel for defendants. Plaintiff does not attach the second set of interrogatories to his motion, which makes it impossible to fairly judge the merits of his request for relief. Ordering discovery with a blindfold on is not proper. Also, the time limits for responding to discovery are given by the rules at Fed.R.Civ.P. 33, 34, and 36, and the due dates for responses that plaintiff gives are wrong.

Plaintiff's two motions to extend the time for filing pretrial statements, ECF no. 86, and ECF no. 87, are granted: plaintiff's pretrial statement shall be filed on or before May 31, 2023; defendants' pretrial statement shall be filed on or before June 30, 2023.

DATE: March 28, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Earnest Scott, Jr. ND-3773
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698