IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EARNEST SCOTT, Jr.,  :
      Plaintiff  :
    v.  : Case No. 3:21-cv-194-KAP
NURSE CONOR MYERS, *et al.*,  :
      Defendants  :

<u>Memorandum Order</u>

    Plaintiff Scott has filed several motions that repeat previous motions ruled upon with explanation. For the reasons already of record, the Clerk can mark the latest motion for appointment of an expert witness, ECF no. 89, denied, and the latest motion for appointment of counsel, ECF no. 90, denied.

    The motion for recusal and the motion to revoke consent, ECF no. 93, ECF no. 94, are denied. Precedent indicates that a motion to revoke consent should be decided by the presiding judge, which makes sense since it is functionally a motion to recuse. *See* <u>Szustowicz v. City of Philadelphia</u>, 2015 WL 8972184 (E.D.Pa.Dec. 15, 2015). To vacate consent, both Fed.R.Civ.P. 73(b)(3)(which governs when a matter is referred by an individual judge) and 28 U.S.C.§ 636(c)(4)(which is the general rule) require a showing of "extraordinary circumstances." Disagreement with a ruling is not an extraordinary circumstance that would justify vacating a reference. <u>Szustowicz v. City of Philadelphia</u>, 2015 WL 8972184, *3 (E.D.Pa.Dec. 15, 2015), *citing* <u>Milhous v. Metro. Govt. of Nashville & Davidson County</u>, 221 F.3d 1335 (6th Cir.2000). Plaintiff's recourse is an appeal from final judgment, <u>Szustowicz v. City of Philadelphia</u>, *id.* at *4, an interlocutory appeal by permission, or a petition for a writ of mandamus.

    Similarly, judicial rulings and case administration orders in the course of judicial proceedings that neither rely on knowledge from sources outside such proceedings nor display "unequivocal antagonism that would render fair judgment impossible" are no basis for a motion for recusal. <u>Liteky v. United States</u>, 510 U.S. 540, 555-56 (1994). A claim of bias cannot be based on repeated adverse rulings. <u>Kirlew v. Att'y Gen. of U.S.</u>, 267 Fed.Appx. 125, 128 (3d Cir. 2008). If adverse judicial rulings, even ones later decided to be incorrect ones, were evidence of bias, that would give a litigant the destructive incentive to file repeated meritless motions just to cite their denial as evidence of bias.

    Plaintiff's motion to extend the due for pretrial statements, ECF no. 95, is granted: plaintiff can file a new pretrial statement or amend his current one on or before August 31, 2023; defendants shall file theirs on or before September 30, 2023.

      Finally, what is styled as a Second Motion for Sanctions at ECF no. 91 simply seeks to compel answers or objections to the six questions in plaintiff's second set of interrogatories, Exhibit B to the motion. There is no opposition to the motion, so it is granted as follows: the relevant defendants (Pancoast, Altemus) shall respond to the interrogatories in Exhibit B promptly.

DATE: June 1, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

    Earnest Scott, Jr. ND-3773
    S.C.I. Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698