IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARNEST SCOTT, Jr., | : |
|     Plaintiff | : |
|       v. | : Case No. 3:21-cv-194-KAP |
| NURSE CONOR MYERS, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

Plaintiff's motion for relief from judgment at ECF no. 133, considered as a motion under Fed.R.Civ.P. 59(e), is denied.

A motion under Fed.R.Civ.P. 59 is properly used to alert the court to an intervening change in controlling law or new relevant evidence, or to prevent a clear error of law or manifest injustice. <u>Wiest v. Lynch</u>, 710 F.3d 121, 128 (3d Cir.2013); <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669 (3d Cir. 1999). It is not a chance to repeat previous arguments or to argue points overlooked and not raised in a timely manner, nor is it a substitute for or a supplement to an appeal, because courts have a strong interest in finality of judgments. <u>Allegheny Valve & Coupling, Inc. v. H&H Metal Specialty, Inc.</u>, No. CV 07-322, 2009 WL 10687578, at *3 (W.D. Pa. Apr. 30, 2009). As the Court of Appeals quoted in similarly construing the scope of Rule 60(b) motions, "It is just as important that there should be a place to end as that there should be a place to begin litigation." <u>Kock v. Gov't of Virgin Islands</u>, 811 F.2d 240, 243 (3d Cir. 1987)(*ultimately quoting* <u>Stoll v. Gottlieb</u>, 305 U.S. 165, 172 (1938)).

Scott's motion, attaching copies of his grievances and the responses thereto, confirms that any claim based on the events of October 29, 2021, grieved in Grievance No. 952494, must be dismissed for failure to exhaust administrative remedies before the complaint was filed. Scott's complaint was filed in November 2021 and his use of the grievance procedure was not complete until April 2022.

Since the date of my grant of defendants' motion for summary judgment, the Court of Appeals has again made it clear that to exhaust a claim under the PLRA, a prisoner must **complete**, not just begin, the administrative review process in accordance with the prison's grievance policies. <u>Talley v. Clark</u>, No. 19-3797, 2024 WL 3611794 at *3 (3d Cir. Aug. 1, 2024). The circuit also affirmed that *sua sponte* dismissal is permissible where a prisoner's failure to exhaust is apparent from the face of the complaint, *Id*. 2024 WL 3611794 at *4, so *a fortiorari* it is permissible where it is apparent in the summary judgment record. The circuit observed that:

The PLRA, 42 U.S.C. § 1997e(a), provides: "No action shall be brought with

1

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until** such administrative remedies as are available are exhausted." The exhaustion mandate is a "centerpiece" of the statute, *see Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), that serves three important statutory goals: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits," *Spruill*, 372 F.3d at 230. The PLRA requires "proper exhaustion," *Woodford*, 548 U.S. at 93, 126 S.Ct. 2378, which means "**complet[ing]** the administrative review process in accordance with the applicable procedural rules," *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (quoting *Woodford*, 548 U.S. at 88, 126 S.Ct. 2378). The only limit on § 1997e(a)'s mandate is that "administrative remedies must be available to the prisoner" as both a formal and practical matter. *Id.* (citing *Ross v. Blake*, 578 U.S. 632, 641–42, 136 S.Ct. 1850, 195 L.Ed.2d 117 (2016)).

Talley v. Clark, No. 19-3797, 2024 WL 3611794, at *2 (3d Cir. Aug. 1, 2024)(my emphasis).

As for Scott's claims based on the events of May 13, 2021, grieved in Grievance No. 927495, I made clear that Scott had received a final decision before filing his complaint. My grant of summary judgment was based on several other grounds, including Scott's failure to have a private right of action or to have standing for most of the forms of relief he sought in the complaint, and his failure to support any claim for punitive damages against defendant Myers with evidence. (Scott did not seek compensatory damages). Scott's obvious belief that his allegations are sufficient at the summary judgment stage, *see* Motion at ¶4, has been wrong for almost forty years. As the nonmoving party, Scott was required to go beyond the pleadings and designate specific facts **showing** that there is a genuine issue for trial. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). He did not.

DATE:  August 6, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Ernest Scott, Jr. ND-3773
S.C.I. Huntingdon
1100 Pike Street
Huntingdon, PA 16652